**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**SANTANA CLINE,**

**Plaintiff,**

**v.**

**Case No. 2:11-CV-00233**
**JUDGE EDMUND A. SARGUS, JR.**

**HSBC BANK USA, NA, *et al.*,**

**Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff's Motion to Re-Open Case and Request for Default Judgment (ECF No. 8) as well as Plaintiff's Motion to Incorporate Additional Exhibit (ECF No. 12). Plaintiff's unopposed Motion to Incorporate is **GRANTED**. Accordingly, the Court has considered the attached Affidavit of Gina Johnson in assessing Plaintiff's Motion to Re-Open Case. For the following reasons, Plaintiff's Motion to Re-Open Case is **DENIED**.[1]

**I.**

In December 2010, Plaintiff filed an adversary action in the United States Bankruptcy Court for the Southern District of Ohio. (*See* ECF No. 1-3.) On March 16, 2011, Plaintiff filed a motion with this Court to transfer her adversary proceeding. (ECF No. 2.) On April 12, 2011, Plaintiff filed an Application for Entry of Default as Defendant HSBC Bank USA, NA ("HSBC"). (ECF No. 3.) Counsel for Plaintiff filed an Affidavit in Support of Request for Entry

[1] Because the Court is not re-opening this case, Plaintiff's request for default judgment and subsequent Application for Entry of Default (ECF No. 9) are **DENIED** as moot.

of Default. (ECF No. 3-1.) On June 20, 2011, Plaintiff's counsel filed a Notice of Dismissal, presumably pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I), dismissing Plaintiff's action without prejudice. (ECF No. 5.) Accordingly, the Court dismissed Plaintiff's action and closed the case. (ECF No. 6.)

Plaintiff, who is currently proceeding *pro se*, now moves to re-open this action.[2] Plaintiff maintains that she did not consent to the voluntary dismissal of this action. She further asserts that her counsel dismissed the action because of a Federal Rule of Civil Procedure 11 safe harbor letter he received in January 2011 from counsel for Defendants HSBC and Ocwen Loan Servicing, LLC ("Ocwen"). Within the letter, Defense counsel maintained that Plaintiff had failed to obtain service over any Defendant other than Owcen. (ECF No. 8-1.) Defense counsel specifically stated that Owcen was not authorized to accept service on behalf of HSBC. (*Id.*) In addition to noting Defendants' position on service, the letter also contended that Plaintiff's action was frivolous within the meaning of Rule 11. The letter attached a draft of a Rule 11 Motion for Sanctions based on the alleged frivolous nature of the action.

In moving for the Court to re-open the case, Plaintiff challenges Defendants' position regarding service on HSBC. Plaintiff has submitted evidence, including filings in other courts, that she asserts demonstrate that she properly served HSBC in this action. According to Plaintiff, Defendants' representations to her counsel in the January 2011 letter constitute fraud. Defendants HSBC and Ocwen oppose Plaintiff's Motion.

---

[2] Plaintiff filed the instant motion in April 2012, nearly ten months after the voluntary dismissal.

**II.**

Plaintiff moves to re-open this action pursuant to Federal Rule of Civil Procedure 60(b). *See Bloodworth v. Timmerman-Cooper*, No. 2:10–cv–926, 2011 WL 1740031, at *2–4 (S.D. Ohio May 5, 2011) (considering whether to vacate a prior Rule 41 voluntary dismissal pursuant to Rule 60(b)).

Rule 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> * * *
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Whether to grant Rule 60(b) relief is within the district court's discretion." *Bloodworth*, 2011 WL 1740031, at *2. "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir. 1993). With regard to the third provision, " Rule 60(b)(3) clearly requires the moving party to show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question . . . ." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 456 (6th Cir. 2008) (internal quotations and citations omitted).

## III.

Here, the Court finds that it should not exercise its discretion to re-open this case. Plaintiff appears to maintain that the Court should grant relief due to the first three provisions of Rule 60(b), and most specifically Rule 60(b)(3).[3] In particular, Plaintiff maintains that Defendants' representations regarding service on HSBC were fraudulent.

Upon review, however, Plaintiff has failed to demonstrate that she is entitled to relief under any of the provisions of Rule 60(b). It is unnecessary to decide whether Plaintiff properly served HSBC.[4] The record reflects that Defense counsel's statement regarding service in the January 2011 letter was simply an initial litigation position. Rather than service, the letter focused on, and warned of, a potential Rule 11 motion because of the alleged frivolous nature of Plaintiff's action. Even assuming that Defendants' position regarding service was incorrect, this does not mean that Defendants engaged in misconduct. Ultimately, the evidence does not reflect that Defendants made a knowing misrepresentation in stating that Ocwen could not accept service on HSBC's behalf.[5] Moreover, the Court presumes that Plaintiff's counsel was capable of evaluating whether Plaintiff had effected service and correcting any defect in service.

---

[3] The Court has construed Plaintiff's *pro se* filings liberally. *See Yagley v. Occupat'l Safety & Health Admin., U.S. Dep't of Labor*, 461 F. App'x 411, 414 (6th Cir. 2012) ("Of course, pro se litigants are to be afforded liberal construction of their pleadings and filings.").

[4] Likewise, the Court need not decide whether default judgment would be proper if this case was re-opened.

[5] In addition to the January 2011 letter, Plaintiff files a variety of other documents, including court filings, relating to the relationship between HSBC and Ocwen. Although these records clearly suggest a relationship between HSBC and Ocwen, it is not readily apparent that Ocwen was permitted to accept service on behalf of HSBC. Furthermore, Plaintiff overlooks that counsel's statement was a legal conclusion, rather than a statement of fact.

Accordingly, the Court is not convinced that Defense counsel's statement impacted the fairness of the legal proceedings.

The remaining circumstances also justify denying Plaintiff's Motion. There is no indication that counsel's decision to voluntarily dismiss this action was due to any of the listed factors in Rule 60(b)(1). Tellingly, Plaintiff's counsel filed the voluntary dismissal over five months after the safe-harbor letter. To the extent Plaintiff moves based on new evidence pursuant to Rule 60(b)(2), for the reasons described above, the Court finds such evidence insufficient to justify the relief Plaintiff seek. Moreover, because the action was dismissed without prejudice, Plaintiff is free to re-file her action. Finally, although Plaintiff maintains that dismissal was without her consent, she fails to explain her considerable delay in bringing this issue to the attention of the Court. Under these circumstances, the Court finds no exceptional circumstances, or other grounds, for re-opening this action.

**IV.**

For the foregoing reasons, Plaintiff's unopposed Motion to Incorporate is **GRANTED**. (ECF No. 12.) Plaintiff's Motion to Re-Open Case and Request for Default Judgment is **DENIED**. (ECF No. 8.)

**IT IS SO ORDERED.**

12-13-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**